

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 17, 1962

Brigadier General Thomas S. Bishop
The Adjutant General of Texas
Austin, Texas

Opinion No. WW-1313

Re: Whether the National Guard
or the State of Texas is
required to pay additional
service pay or additional
medical or hospital expenses
to or on behalf of service-
men in the event of further
treatment or rehospitaliza-
tion under the facts stated,

Dear General Bishop:                    and related questions.

Your request for opinion on the above captioned matters
informs us that in September of 1961, 1st Lt. Ybarra and SP4
Alarcon, members of the 141st Infantry, Texas ARNG, were called
into active service of the State of Texas for two (2) days for
the purpose of assisting civil authorities in the protection of
life and property of the citizens of Texas in the Hurricane Carla
Disaster Area.

The next day after their induction, both men were
injured in the line of duty, which finding has the approval
of the Adjutant General of Texas. Subsequent to their injuries,
both were hospitalized in the U. S. Naval Hospital at Corpus
Christi. Your letter informs us that at the present time the
hospital has been paid, but that it is possible that further
treatment or rehospitalization of these men may be necessary.

The specific questions asked by you are as follows:

"1. Is the National Guard or the State of
Texas required to pay additional military service
pay or additional medical or hospital expenses to
or on behalf of either Ybarra or Alarcon in the
event of further treatment or rehospitalization?

"2.   If so, are either pay and allowances or medical or hospital expenses limited in time to six (6) months, and, if so, when does the six (6) months expire?

"3.   If the six (6) months does not apply to either pay and allowances or medical and hospital expenses, is there any other factor which limits or eliminates further such payments? If so, what are said factors and how are they applied?

"4.   In the event there results permanent or temporary, total or partial disability to either injured person, what benefits or privileges are they entitled to receive and what recovery may they effect from the National Guard or the State of Texas or any political subdivision thereof?

"5.   In the event any money is recoverable by the injured persons, what funds are available for disbursements? Under what circumstances must said disbursements be made?"

Article 5845 of Vernon's Civil Statutes states as follows:

"(a)   Every member of the military forces of this State who shall be wounded, disabled or injured, or who shall contract any disease or illness, in line of duty while in the service of this State in case of riot, tumult, breach of the peace, resistance to process, invasion, insurrection, or imminent danger thereof, or whenever called upon in aid of the civil authorities, or when participating in any training formation or activity under order of the commanding officer of his unit, or while traveling to or from his place of duty in such instances, shall be entitled to and shall receive, or be reimbursed for, hospitalization, rehospitalization, and medical and surgical care in a hospital and at his home appropriate for the treatment of such wounding, disability, injury, disease or illness, and necessary transportation incident thereto until the resulting disability cannot be materially improved by further hospitalization or treatment, and shall receive the same pay and allowance whether in money or in

kind, to which he was entitled at the time when the injury was incurred or the disease or illness contracted, during the period of his disability but not for more than a total of six (6) months after the end of his tour of duty, and in the event of his death in such cases, his estate shall be entitled to any reimbursement for which the deceased would have been entitled and to his accrued pay and allowances and compensation or reimbursement for actual funeral expenses not to exceed the sum of Five Hundred Dollars ($500), such compensation or reimbursement, as well as the cost of carrying out the other provisions of this Article, shall be paid out of any funds in the State Treasury available to or appropriated for the use of the military forces of this State in the same manner provided for other expenditure of State funds; provided, however, that no compensation or reimbursement shall be paid in any case where the same is payable under the provisions of any Federal law or regulation.

"(b)   The Adjutant General shall administer the provisions of this Act and may prescribe such rules and regulations not inconsistent with law as may be necessary to carry out the provisions of this Act and the decision as to whether any wounding, disability, injury, disease, illness or death is in line of duty or as a result thereof, shall be made by the Adjutant General after proper investigation and hearing pursuant to such regulations as he may prescribe."   (Emphasis added)

Article 5845a states as follows:

"The provisions of this Act shall in no wise be construed to be a gratuity but shall be construed to be compensation for services for which each member of the military forces of this State shall be deemed to have bargained for and considered as a condition of his enlistment and employment."   (Emphasis added)

Article 5845 states the desire and intent of the Legislature that members of the military forces of Texas receive hospitalization, medical and surgical care, etc., "until the resulting disability cannot be materially improved by further hospitalization or treatment." This phraseology evidences to us that injured members shall receive the benefits

provided until they have completely recovered from their disability, injury, disease or illness, or until in such cases that may arise, a medical expert advises you that the particular member "cannot be materially improved by further hospitalization or treatment." The statute specifically provides for "rehospitalization," therefore, you are advised that the members in question must be provided with the benefits enumerated on their re-entry into a hospital, subject to the previous sentence of this opinion. There is no time restriction on a member's receiving hospitalization, medical and surgical care, and we cannot infer one.

As to your second question, may we again quote from Article 5845 in part as follows:

". . . and shall receive the same pay and allowance whether in money or in kind, to which he was entitled at the time when the injury was incurred or the disease or illness contracted, during the period of his disability but not for more than a total of six (6) months after the end of his tour of duty . . ." (Emphasis added)

It has been stated that the members in question in this opinion were ordered into active service for only two (2) days. Since their injuries were received on the day which was to be the "end of his /their/ tour of duty," it follows that the six (6) month period begins the day after they received their injuries.

Although there is no time restriction placed on hospitalization, medical and surgical care, the Legislature did provide that a member, during the period of his disability may receive the same pay and allowance "but not for more than a total of six (6) months after the end of his tour of duty." If the disability lasted six (6) months or longer, then the member may receive pay and allowance for a period of six (6) months only. If, as in the case in question there is a recurring disability, and the members had not received pay and allowance for a period of six (6) months, then they may receive additional compensation until they have received same for "a total of six (6) months." (Emphasis added)

The conclusions reached by us make it unnecessary to answer your third question.

As to your fourth question, Article 5845 does not provide for various degrees of disability or incapacity, but only provides for benefits "until the resulting disability cannot be materially improved by further hospitalization or

treatment."  (Emphasis added).  We assume your inquiry is to whether or not a member receiving injuries rendering him partially or totally incapacitated may recover other benefits than those prescribed by Article 5845, either periodically or by a lump sum.  We have not found, nor are we aware of any laws whereby the Adjutant General's Department may carry any type of coverage providing for any other benefits and privileges other than those enumerated in Article 5845.

You are therefore advised that a member is limited under the terms of Article 5845 to receiving his pay and allowance for a total period of six (6) months and all of his hospitalization, medical and surgical care until cured or until a medical expert advises you that "the resulting disability cannot be materially improved by further hospitalization or treatment."

The answer to your fourth question makes it unnecessary to answer your last question.

## S U M M A R Y

Under the terms of Article 5845 of Vernon's Civil Statutes, if a member of the military forces of the State of Texas is wounded, disabled or injured, or has contracted any disease or illness in the line of duty, he is entitled to hospitalization, rehospitalization, and medical and surgical care until cured or until a medical expert advises that the resulting disability cannot be materially improved by further hospitalization or treatment.  Such member is also entitled to receive the same pay and allowance to which he was entitled at the time of the injury or contraction of the disease or illness during the period of his disability, but never for longer than a total period of six (6) months.

There is no other way whereby such
a member may obtain any other type
of recovery from the National Guard
or the State of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  Fred D. Ward
    Fred D. Ward
    Assistant

FDW:jkr:zt

APPROVED:

OPINION COMMITTEE

J. C. Davis, Chairman

Robert McGee
Grady Chandler
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.